**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIVANHEUANG KHAMMANY, | No. 06-73333 |
| Petitioner, | Agency No. A023-836-715 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Sivanheuang Khammany, a native and citizen of Laos, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence the agency's factual findings, and review de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo questions of law. *Bromfield v. Mukasey,* 543 F.3d 1071, 1076 (9th Cir. 2008). We deny in part and grant in part the petition for review, and remand for further proceedings.

Substantial evidence supports the BIA's determination that Khammany has not established it is more likely than not he will face future persecution if returned to Laos. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (upholding the denial of withholding of removal where the possibility of future persecution was speculative). Accordingly, Khammany's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture because Khammany failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Laos. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

In concluding that Khammany was ineligible for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, the agency did not have the benefit of *Peng v. Holder*, 673 F.3d 1248, 1256-57 (9th Cir. 2012), in which we held that § 212(c) relief remains available to certain aliens who proceeded to trial prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, or *Vartelas v. Holder,*

566 U.S. ——, 132 S.Ct. 1479 (2012), in which the Supreme Court discussed the role of a reliance inquiry when the antiretroactivity principle is invoked.

In light of this intervening caselaw, we remand to the BIA to determine Khammany's eligibility for § 212(c) relief.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

06-73333